IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-001736-BNB

TODD O'CONNER MAYES,

Applicant,

v.

MICHAEL ARRELANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

This matter is before the Court on the response of Applicant, Todd O'Conner Mayes, to the order to show cause entered on October 27, 2009. Mr. Mayes is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Correctional Facility in Crowley, Colorado. He filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver County District Court Case No. 04CR549. He has paid the $5.00 filing fee.

In the October 27 order to show cause, Mr. Mayes was informed as follows:

> Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been

presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose*, 455 U.S. at 522; *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Upon review of the opening brief in Mr. Mayes' direct appeal in state court, the Court finds that Mr. Mayes did not raise Claims Two and Three as federal claims. *See* Pre-Answer Resp. Ex. A at 17-22. Mr. Mayes did not assert the exact constitutional injury in state court for Claims Two and Three like he did for the other claim that he raises in the instant action. Furthermore, in addressing Claims Two and Three, the Colorado Court of Appeals did not analyze them in terms of a federal constitutional claim, but relied only on Colorado law. *See id.* at Ex. C. Based on the above

2

findings, the Application is a mixed petition and is subject to dismissal.

Because Mr. Mayes is asserting both exhausted and unexhausted claims he will be ordered to show cause why the Application should not be denied as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133. In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court, the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies. He then may file a new application for a writ of habeas corpus.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").

In his response to the show-cause order, Mr. Mayes first requests that this Court stay the instant action while he exhausts his state court remedies regarding Claims Two and Three. As grounds, he asserts that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) is unconstitutional, and also that he is untrained in the law. The United States Supreme Court has found that an applicant could preserve the timeliness

3

of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Mayes must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Nonetheless, simply because Mr. Mayes is a layman at law, and a prisoner, does not excuse the requirement that he properly exhaust his claims. Ignorance of the law is not an excuse for failure to exhaust. *Cf. Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se [applicant] generally does not excuse prompt filing"). Further, the Court finds no support for Mr. Mayes' conclusory argument that the one-year limitations period set forth in 28 U.S.C. § 2244(d) is unconstitutional. Accordingly, based upon the above findings, Mr. Mayes fails to assert good cause and his request for stay and abeyance will be denied.

However, Mr. Mayes makes clear in his response to the show-cause order that, if the Court denies his request for a stay, he wishes to dismiss voluntarily his unexhausted claims (claims two and three) and proceed with his exhausted claim (claim one).

Mr. Mayes' three asserted claims are as follows:

> (1) His Sixth and Fourteenth Amendment rights were violated because his habitual criminal counts were determined by a judge rather than a jury;

4

(2) The trial court violated his right to due process when it omitted the self defense as a limited element in instruction on the lesser included offense of second degree murder;

(3) The trial court violated his right to due process when it failed to give a jury instruction on apparent necessity.

The Court will dismiss as unexhausted claims two and three, and will draw to a district judge and to a magistrate judge exhausted claim one. Accordingly, it is

ORDERED that Applicant's request for a stay and abeyance is denied. It is

FURTHER ORDERED that exhausted claim one and the application are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that unexhausted claims two and three are dismissed voluntarily by Applicant, Todd O'Conner Mayes.

DATED at Denver, Colorado, this 16 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01736-BNB

Todd O'Conner Mayes
Prisoner No. 120976
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Elizabeth Rohrbough
Senior Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/16/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk