IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01736-ZLW-KLM

TODD O'CONNOR MAYES,

     Applicant,

v.

MICHAEL ARRELANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Applicant's **Motion for Copy of Documents** [Docket No. 25; Filed January 7, 2011] (the "Motion").  Applicant seeks an order "granting him a copy of the state court record [Docket No. 24] received in the Clerk's office" on September 17, 2010.  *Motion* [#25] at 1.  On January 11, 2011, Respondents filed a Response [Docket No. 26] in opposition to the Motion.

28 U.S.C. § 2250 provides that "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office *as may be required by order of the judge before whom the application is pending*" (emphasis added).  "The matter of granting a motion to produce copies of documents under Section 2250, and if granted, what copies are to be furnished, is within the discretion of the court."

*Cassidy v. United States*, 304 F. Supp. 864, 867-68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970).  When exercising its discretion, the Court is mindful that "Congress did not intend that documents should be furnished without a showing of need."  *Id.*  Therefore, the Court will order furnishment of documents to a petitioner only when he has provided "a sufficient explanation of the need for the documents requested."  *United States v. Reed*, 1989 WL 140493, at *1 (E.D. Pa. Nov. 17, 1989) (unreported decision) (citing *United States v. Newsome*, 257 F. Supp. 201, 203 (N.D. Ga. 1966)); *see also Humphreys v. United States Parole Comm'n*, 977 F.2d 595, 1991 WL 423974, at *5 (10th Cir. Oct. 13, 1991) (unpublished decision) (affirming the district court's denial of petitioner's motion seeking copies of records because the motion failed to include "a showing of need for copies of the documents"); *Irby v. Swenson*, 361 F. Supp 167, 168 (E.D. Mo. 1973) (finding that a petitioner demonstrates sufficient need for copies of records when he expressly states in his motion that he needs the records to prepare a traverse).

In this case, the Court finds that Applicant has failed to demonstrate any need for a copy of the entire state court record at this stage of the proceedings.  Applicant merely states that he "has not been able to examine and review the state court record in presenting and litigating his claims" and he "should not have to rely on his memory to argue the claimed error."  *Motion* [#25] at 2.  These statements are a general argument that Applicant should have had access to the state court record when he was preparing his pleadings.  The statements do not specify any *present* or *future* need for a copy of the state court record.  Applicant has already filed a Traverse [Docket No. 21], and the case is now fully briefed and ripe for resolution.  Moreover, as Respondents point out, "the only issue remaining in the case is a matter of law: whether it was constitutionally required that

[Applicant's] habitual criminal charges be adjudicated by a jury." *Response* [#26] at 2; *see*

*Order to Dismiss in Part* [Docket No. 13] at 4-5 (dismissing two of Applicant's claims thus

leaving only the claim that his "Sixth and Fourteenth Amendment rights were violated

because his habitual criminal counts were determined by a judge rather than a jury").  To

argue this purely legal issue, Applicant did not – and now does not – need a copy of the

state court record.

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.


Dated:  January 13, 2011