IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01736-ZLW-KLM

TODD O'CONNOR MAYES,

    Applicant,

v.

MICHAEL ARRELANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

        Before the Court is an **Application for a Writ of Habeas Corpus Pursuant to 28**

**U.S.C. § 2254** [Docket No. 2; Filed July 22, 2009] (the "Application") filed by Todd

O'Connor Mayes ("Applicant").  Respondents filed an Answer [Docket No. 17] objecting to

the Application on February 1, 2010.  Applicant filed a Traverse [Docket No. 21] on March

9, 2010.  The Application is now fully briefed and ripe for resolution.  Pursuant to 28 U.S.C.

§ 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Application has been referred to this Court

for a recommendation regarding disposition.  *Special Order of Reference to Magistrate*

*Judge* [Docket No. 16].  The Court has considered the relevant pleadings, the state court

record, and the applicable case law, and is sufficiently advised in the premises.  For

reasons set forth below, the Court recommends that the Application be **DENIED**.

**I.  Summary of the Case**

        On January 28, 2005, following a three-day jury trial in Denver District Court,

Applicant was convicted of second degree murder.  *Application* [#2] at 5.  On April 27, 2005, after a one-day bench trial in Denver District Court, Applicant was convicted of four habitual criminal counts and sentenced to ninety-six years in prison.  *Id.* ("[T]he trial court found that [Applicant] was the same person who had been previously convicted on four separate felony counts[.]"); *Answer* [#17] at 5.

Applicant filed a direct appeal in the Colorado Court of Appeals.  *Order to Show Cause* [Docket No. 11] at 2.  On August 30, 2007 the Court of Appeals affirmed the decision of the Denver District Court.  *Id.* (citing *People v. Mays*, No. 05CA1223 (Colo. App. Aug. 30, 2007) (unpublished decision)).  On March 17, 2008, the Colorado Supreme Court denied Applicant's petition for certiorari.  *Id.*

On February 11, 2008, Applicant filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b).  *Id.*  The Denver District Court denied the motion on July 28, 2008.  *Id.*  Applicant did not appeal the denial of his motion. *Id.*

On July 22, 2009, Applicant filed the instant Application [#2], in which he asserted three claims for relief.  On August 28, 2009, Respondents filed a Pre-Answer Response [Docket No. 7] in which they argued that Applicant failed to exhaust his available remedies in state court with respect to his second and third claims.  On October 27, 2009, Magistrate Judge Boyd N. Boland issued an Order to Show Cause [#11] directing Applicant to either show cause why his Application "should not be denied as a mixed petition for failure to exhaust state remedies" or "dismiss voluntarily the unexhausted claims two and three and proceed with exhausted claim one."  *Order to Show Cause* [#11] at 6.  On December 2, 2009, Applicant filed a Response [Docket No. 12] to the Order to Show Cause in which he

stated that he elected to go forward on exhausted claim one.  Accordingly, on December 16, 2009, Senior District Judge Zita L. Weinshienk issued an Order [Docket No. 13] dismissing Plaintiff's unexhausted claims two and three.

Applicant's sole remaining claim for relief is a claim that the Denver District Court "Judge's determination of 'facts' used to impose an enhanced sentence under [Colorado's] habitual criminal statute violated [his] Sixth Amendment right to trial by jury and his Fourteenth Amendment right to due process."  *Application* [#2] at 5.

## II. Analysis

### A.   Applicant's *Pro Se* Status

Applicant is proceeding *pro se.*  Therefore, the Court must construe his Application liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural errors he may have made. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).  However, the Court is not Applicant's advocate, and it must deny his Application if it is based on no more than vague or conclusory allegations.  *Hall*, 935 F.3d at 1110.

### B.   Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus may be granted only if the applicant's conviction or sentence was based on an underlying state court decision that (1) was "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) was "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).

The first and second standards of review involve claims of clear legal error. The Court considers an applicant's claims of clear legal error only if it first "affirmatively answer[s] the threshold question" of whether clearly established federal law exists. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008). A state court decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent, i.e., it arrives at a conclusion that is "opposite" or "diametrically different" from the precedent. *Williams*, 529 U.S. at 406. A state court decision involves an unreasonable application of federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. Id. at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

The third standard of review involves claims of factual error. When reviewing an application for a writ of habeas corpus, a state court's findings of fact are entitled to a presumption of correctness. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). While this standard requires a substantial showing by Applicant, "deference [to

-4-

the state court's factual determinations] does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### C.   Applicant's Claim Under the Sixth and Fourteenth Amendments

Applicant contends that he was deprived of his constitutional right to a jury trial in the Denver District Court by that court's "determination of 'facts' used to impose an enhanced sentence under [Colorado's] habitual criminal statute." *Application* [#2] at 6. Applicant asserts that the Sixth and Fourteenth Amendments guarantee him the right to have a jury determine whether he has prior convictions sufficient to support the imposition of an enhanced sentence under Colorado law. *See id.* ("The enhanced sentence of ninety-six years imposed under the habitual criminal statute must be vacated because [Applicant] was deprived of his constitutional right to a jury trial to determine 'facts' which are required to be proven beyond a reasonable doubt before an enhanced sentence may be imposed under Colorado's habitual criminal statute."); *Traverse* [#21] at 4 (Applicant "is entitled as a matter of federal constitutional law to a jury determination of whether he is the same person who suffered prior felony convictions.").

Applicant raised his constitutional claim in a direct appeal of his sentence.  The Colorado Court of Appeals held that Applicant "'was not entitled to a jury determination of his habitual criminal charges.'"  *Id.* (quoting *People v. Mays*, No. 05CA1223 (Colo. App. Aug. 30, 2007) (unpublished decision)).  Pursuant to 28 U.S.C. § 2254(d)(1), Applicant now contends that the Colorado Court of Appeals decision "is contrary to a number of clearly established federal law [sic] and United States Supreme Court decisions," e.g., *Blakely v. Washington*, 542 U.S. 296 (2004), and *Graham v. West Virginia*, 224 U.S. 616 (1912).  *Id.*

The Court rejects Applicant's contention and finds that the Colorado Court of

Appeals decision was not contrary to clearly established federal law. *Blakely* and *Graham* are inapposite. The controlling Supreme Court decision is *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (confirming "the opinion that we expressed in" *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt")). In *Apprendi*, the Court held as follows: "**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added); *id.* at 466 (explaining that although *Jones* involved a federal conviction and its holding was predicated on the Fifth and Sixth Amendments, "[t]he Fourteenth Amendment commands the same answer when a state statute is involved"); *Jones*, 526 U.S. at 249 ("unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees"). Thus, a state trial court judge may make a factual finding that a defendant has been previously convicted. In this case, Applicant was sentenced under Colo. Rev. Stat. § 18-1.3-803(1), which provides as follows:

> If the allegation of previous convictions of other felony offenses is included in an indictment or information and if a verdict of guilty of the substantive offense with which the defendant is charged is returned, the court shall conduct a separate sentencing hearing to determine whether or not the defendant has suffered such previous felony convictions. As soon as practicable, the hearing shall be conducted by the judge who presided at trial or before whom the guilty plea was entered[.]

This statute comports with the holding in *Apprendi*. Accordingly, the Denver District Court

Judge who sentenced Applicant was permitted to make the factual finding that Applicant had been previously convicted of four felonies. Applicant's constitutional rights were not violated in the Denver District Court, and the decision of the Colorado Court of Appeals concluding as much was not contrary to clearly established federal law.

### III. Conclusion

For the reasons set forth above, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required. Accordingly, the Court **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#2] be **DENIED** and that this case be dismissed with prejudice.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: February 8, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge